UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBAY (UK) LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>GRAVITY4, INC.,<br><br>    Defendant. | Case No. 19-cv-0522 NC<br><br>**ORDER CONTINUING CMC AND HEARING ON MOTION FOR DEFAULT JUDGMENT; ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**<br><br>New Hearing: July 10, 2019, 1:00 p.m. |

Federal courts possess limited jurisdiction, which means that this Court may only resolve disputes in subject matter categories permitted by the Constitution or laws of the United States. The Court has an independent obligation to examine subject matter jurisdiction. If subject matter jurisdiction is lacking, the Court must dismiss the case even if no party to the case moves for dismissal. Any doubts about jurisdiction should be resolved against federal jurisdiction.

In the present case, plaintiff eBay (UK) Limited is a United Kingdom corporation that sues another corporation, Gravity4, Inc. for breach of contract. The plaintiff has moved for default judgment and a hearing is set for June 19. ECF 14.

Before the Court may rule on the motion for default judgment, subject matter jurisdiction must be satisfied. In the complaint, eBay asserts that jurisdiction is fulfilled

under the diversity of citizenship statute, 28 U.S.C. § 1332(a). Complaint, ECF 1, ¶ 12. Generally speaking, that statute provides that jurisdiction is satisfied if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

Here, plaintiff eBay (UK) Limited alleges that it is a "foreign corporation organized under the laws of the United Kingdom with its principal place of business in London, England." Complaint ¶ 10. Defendant Gravity4, Inc. is alleged to be a "foreign corporation organized under the laws of Delaware, previously authorized to do business in the state of California and the state of Florida, with former principal place of business in San Francisco, California, and Miami, Florida." Complaint ¶ 11. The Complaint does not expressly say where Gravity4 is incorporated and where its principal place of business was at the time of the Complaint. Plaintiff demands more than $2 million in compensatory damages, so the "amount in controversy" threshold is easily exceeded. Complaint, Prayer for Relief at p. 6:9.

The unresolved question is whether there is complete diversity of citizenship between the parties. A few foundational concepts underlie this analysis.

First, citizenship for a corporation is determined under 28 U.S.C. § 1332(c)(1): "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

Second, diversity jurisdiction does not encompass a suit between two foreign corporations. *Cheng v. Boeing*, 708 F.2d 1406, 1412 (9th Cir. 1983); *see* 28 U.S.C. § 1332(a).

And third, diversity is determined at the time the action is filed. *Smith v. Snerling,* 354 U.S. 91, 93 n.1 (1957). Plaintiff's allegations about Gravity4's "former" principal places of business are therefore jurisdictionally irrelevant. Complaint ¶ 11.

At bottom, given that paragraphs 10 and 11 of the Complaint allege that both plaintiff and defendant are "foreign corporations," it appears that complete diversity is not

2

established. Plaintiff is ordered to show cause in writing by July 1, 2019, as to why this case should not be dismissed, and the motion for default judgment denied, due to lack of subject matter jurisdiction. If plaintiff seeks to amend the Complaint to address the subject matter jurisdiction question, it must do so by July 1. The CMC and hearing on default judgment are both continued from June 19 to July 10, 2019, at 1:00 p.m. in San Jose courtroom 5. Plaintiff is ordered to serve on Gravity4: the motion for default judgment, this Order, its response to the Order to Show Cause, and any amended Complaint. Plaintiff must file a certificate of service by July 8.

**IT IS SO ORDERED.**

Dated: June 17, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge